**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

KIM W. JACKSON                                              CIVIL ACTION NO. 25-2001

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

POST OFFICE EMPLOYEES                            MAGISTRATE JUDGE HORNSBY
CREDIT UNION, ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Due to Insufficiency of Service under Federal Rule of Civil Procedure 12(b)(5) (Record Document 10) filed by Defendants, Post Office Employee Federal Credit Union ("Credit Union"), Frederick McCoy ("McCoy"), and Mistie Simons ("Simons").  Plaintiff Kim W. Jackson ("Jackson") responded.  See Record Document 12. For the reasons set forth below, the Motion to Dismiss is **DENIED** and Jackson is allowed **90 days** from the issuance of this ruling to make proper service of her complaint.

**BACKGROUND FACTS**

On December 9, 2025, Jackson, acting *pro se*, filed this employment discrimination action against the Credit Union, McCoy, and Simons.  See Record Document 1.  On December 15, 2026, the Court entered a Memorandum Order regarding service:

> Plaintiff will first need to serve her complaint on the defendants. Rules for the various means of delivery and service are also set forth in Rule 4. Plaintiff must complete service and file evidence of service within 90 days of the filing of her complaint, which will be March 9, 2026. Failure to do so may result in dismissal of this civil action.

Record Document 6 at 1.  Summonses were issued on December 12, 2025.  See Record Document 5.  On March 19, 2026, the Clerk of Court entered a Notice of Intent to Dismiss for Failure to Prosecute under LR41.3 because "service of the summons and complaint

was not made with in 90 days of the institution of this civil action."  Record Document 9.

Jackson was given 14 days to show good cause for the failure to serve.  See id.

On March 20, 2026, Jackson filed the summonses – returned executed – for the Credit Union, McCoy, and Simons.  See Record Document 9.  The Proof of Service for each was completed by Michael L. Malpass ("Malpass"),[1] wherein he stated that he made service on January 14, 2026.  See id. at 2, 4, & 6.  On March 25, 2026, Defendants filed the instant Motion to Dismiss, arguing that the documents delivered to McCoy and Simons included a summons but no copy of the complaint.  See Record Document 10 at 2. Additionally, the defense submits that Jackson has offered no evidence of good cause to justify the failure to accomplish proper service and/or the failure to file timely even a purported return of service.  See id.  Defendants seek dismissal of the complaint, without prejudice.  See id.

**LEGAL STANDARD**

Rule 12(b)(5) concerns the adequacy of service.  "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." Holly v. Metropolitan Transit Authority, 213 F. App'x 343, 344 (5th Cir. 2007); accord Calhoun v. City of Houston Police Department, No. 20-20311, 2021 WL 1326703, at *2 (5th Cir. Apr. 8, 2021).  A federal district court "enjoys a broad discretion in determining

---

[1] Based on the Affidavit of Service, Malpass appears to be employed by Ark-La-Tex Process Service, LLC in Shreveport, Louisiana.  See Record Document 12-1.  In her opposition, Jackson stated that Malpass was a "authorized process server."  Record Document 12.

whether to dismiss an action for ineffective service of process." George v. U.S. Department of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986).

Federal Rule of Civil Procedure 4(c)(1) provides that "a summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides, in pertinent part:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Good cause under Rule 4(m) requires at least a showing of excusable neglect, in "which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995); see also Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (finding that a plaintiff's *pro se* status and ignorance of the law does not constitute good cause for failure to effect service in compliance with the rules). As stated in the text of Rule 4(m), if good cause does not exist, the court must dismiss a case without prejudice or extend the time for service. See Thompson v Brown, 91 F.3d 20, 21 (5th Cir. 1996).

### ANALYSIS

The defense argues that Jackson failed to effectuate proper service because a copy of the complaint was not attached to the summonses. Both McCoy and Simons have submitted sworn declarations stating there was no complaint or other pleading attached to the papers that were hand-delivered to them. See Record Document 10-2 &

3

10-4   Conversely, Jackson has submitted an Affidavit of Service from Malpass stating that he served both the summonses and the complaint.  See Record Document 12-1.  The defense further contends that Jackson has not shown good cause for her failure to accomplish proper service and/or to file timely a purported return of service.  In response, Jackson submits that her failure to immediately file proof of service was based on her "inadvertent misunderstanding of the filing requirement, not a failure to effect service."  Record Document 12 at 1.

Here, the Court declines dismissal given that Jackson is a *pro se* litigant and has clearly made the effort to properly serve Defendants.  As one court has observed:

> Although a plaintiff's *pro se* status is not a license to ignore the Federal Rules of Civil Procedure, *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process.  Consistent with that principle, courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made.

Johnson-Richardson v. University of Phoenix, 334 F.R.D. 349, 357 (D.D.C. 2020) (citations, quotations, and ellipsis omitted); accord Lee v. Deutsche Bank National Trust Co., Civ. Action No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. Mar. 6, 2019) (allowing an additional opportunity to effect proper service "given the Fifth Circuit's policy of leniency towards *pro se* plaintiffs").  Additionally, the Court notes there is a factual dispute regarding the attachment of the complaint to the summonses, as the sworn declarations of McCoy and Simons are in direct conflict with the affidavit of Malpass.  See Record Documents 10-2,10-4, & 121.  Accordingly, even if a Rule 12(b)(5) dismissal would be otherwise appropriate, the Court will first allow Jackson an opportunity to correct any service defects before recommending dismissal of her claims pursuant to Rule 12(b)(5).

<u>See</u> Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court [must] order that service be made within a specified time.").

## CONCLUSION

Based on the reasoning set forth above, the Defendants' Motion to Dismiss Due to Insufficiency of Service under Federal Rule of Civil Procedure 12(b)(5) (Record Document 10) is **DENIED**.  Jackson is allowed **90 days** from the issuance of this ruling to make proper service of her complaint.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 21st day of April, 2026.

_____
United States District Judge